1
2
3
4
5
6 # UNITED STATES DISTRICT COURT

7 ## EASTERN DISTRICT OF CALIFORNIA

8
| | |
|---|---|
| REINA I. ZAMANI, ) | Case No.: 1:12-cv-00763-AWI-SKO |
| ) | |
| Plaintiff, ) | **ORDER SETTING REVISED BRIEFING** |
| ) | **SCHEDULE** |
| v. ) | |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

16

17    The administrative record was lodged by the Commissioner on November 14, 2012.  (Doc.

18 15.)  However, there is no evidence that the administrative record was served on Plaintiff at that

19 time.  On March 6, 2013, the Commissioner filed a certificate of service of the administrative record

20 showing that the administrative record was served on Plaintiff on March 6, 2013.  (Doc. 20.)  The

21 Commissioner was ordered to file a status report regarding whether confidential briefs had been

22 served by the parties.  (Doc. 19.)  The Commissioner reported that no confidential briefs had been

23 served.  (Doc. 21.)  The Court modified the scheduling order, and required Plaintiff to submit her

24 confidential brief to the Commissioner no later than April 18, 2013.  (Doc. 23.)  The Court also

25 directed the Commissioner to file a statement no later than April 19, 2013, if Plaintiff failed to serve

26 the Commissioner with a confidential letter brief.

27
28

1    The Commissioner did not file a statement on April 19, 2013, regarding service of the

2    confidential letter brief.  The Court issued an order for a joint status report to be filed by the parties

3    no later than May 8, 2013, regarding the status of service of the confidential letter briefs.  (Doc. 24.)

4    On May 13, 2013, the Commissioner filed a joint status report indicating that she had not yet

5    received Plaintiff's confidential letter brief, and the parties had been unable to communicate to file

6    the joint status report timely.  (Doc. 25.)  Plaintiff indicated that she had served the Commissioner

7    with a confidential letter brief by mail, but it had not yet been received by the Commissioner.

8    Plaintiff agreed to re-send her confidential letter brief to the Commissioner by e-mail on May, 13,

9    2013.  The Commissioner indicated that it would serve its confidential letter brief within 35 days

10   from receipt of Plaintiff's confidential brief.

11   The delays in this case have been significant. The Commissioner failed to serve the

12   administrative record timely, violated the Court's March 14, 2013, order by failing to provide the

13   Court with a statement on April 19, 2013, that she had not received Plaintiff's confidential letter

14   brief, and both parties failed to submit a timely joint status report on May 8, 2013.  The parties

15   agreed that Plaintiff would submit her confidential letter brief to the Commissioner by email on May

16   13, 2013, yet the Court has received no information whether this was completed.

17   In light of the delays in this case – most of which were due to the Commissioner's failure to

18   timely serve the administrative record and comply with the Court's March 14, 2013, order – the

19   Commissioner shall serve on Plaintiff a confidential letter brief by **no later than May 31, 2013.** To

20   the extent that the Commissioner fails to do so, monetary sanctions may be imposed.  **No further**

21   **scheduling delays will be tolerated.**

22   **Regardless of the status of the confidential letter briefs**, Plaintiff shall file and serve an

23   opening brief **no later than June 28, 2013**.  **Any failure to file and serve the opening brief may**

24   **result in a recommendation for dismissal of the case.**  Any opposition to the opening brief shall

25   be served and filed by the Commissioner **no later than July 31, 2013**.  An optional reply brief may

26   be filed by Plaintiff **no later than August 14, 2013**.

27   The Court will require **strict adherence to these deadlines** and they will not be subject to

28   any modification except upon a showing of **truly** good cause, which does not include workload

2

issues, failure to read and understand the Court's scheduling order, or a general lack of diligence in either prosecuting or defending the action.

The parties have exhibited a flagrant disregard for the Court's scheduling orders in this case, and the parties are ADMONISHED that continued conduct of this nature will not be tolerated and will result in sanctions up to and including a recommendation of dismissal of the case or appropriate monetary sanctions.

IT IS SO ORDERED.

**Dated:**   **May 20, 2013**                        **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE