# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINA I. ZAMANI,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No. 1:12-cv-00763-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED**<br><br>**OBJECTIONS DUE 21 DAYS** |

## I. INTRODUCTION

On May 9, 2012, Plaintiff filed a complaint against the Commissioner of Social Security, appealing the Commissioner's denial of Plaintiff's application for social security benefits. On May 29, 2012, a scheduling order was issued, setting deadlines for serving confidential letter briefs and filing opening, responsive, and reply briefs. (Doc. 7.) Further, the Court issued an informational order explaining the content requirements for each of the briefs that were to be served and filed. (Doc. 12.)

The Commissioner did not serve Plaintiff with the administrative record until March 6, 2013. Therefore, the Court issued a modified briefing schedule, indicating that Plaintiff's opening brief was due no later than June 20, 2013. (Doc. 23.) On May 13, 2013, in response to a court order, the parties filed a joint status report indicating that they were having difficulty exchanging

the confidential letter briefs. (Doc. 25.) The Court again modified the schedule indicating that, regardless of the status of service of the confidential letter briefs, Plaintiff was to file an opening brief no later than June 28, 2013. The Court noted that the parties had exhibited a flagrant disregard for the Court's scheduling orders, and cautioned the parties that strict adherence to the deadlines would be required. (Doc. 27.)

Nonetheless, Plaintiff failed to file an opening brief on June 28, 2013. As such, the Court issued an order requiring Plaintiff to either file an opening brief no later than July 8, 2013, or file a statement showing cause why the action should not be recommended for dismissal. (Doc. 30.) The Court cautioned Plaintiff that if she failed to respond to the order to show cause, her complaint would be recommended for dismissal. (Doc. 30.) Plaintiff failed to respond to the Court's July 2, 2013, order to show cause.

## I. DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding." *Lopez v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1838 AWI JLT, 2010 WL 2629039, at *1 (E.D. Cal. June 25, 2010). The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor of the public policy favoring disposition on the merits normally weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

Finally, as to the availability of lesser sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228. The court must consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," whether there was an "alternative methods of sanctioning or curing the malfeasance before

3

ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal." *Id*. at 1229 (citations omitted).  Here, Plaintiff was expressly cautioned that failure to comply with the briefing schedule might result in a recommendation that her complaint be dismissed.  The Court's May 21, 2013, order setting a revised briefing schedule expressly cautioned Plaintiff that a failure to file and serve an opening brief may result in a recommendation for dismissal of the case. (Doc. 27, 2:23-24.)  When Plaintiff failed to timely file an opening brief, the Court provided Plaintiff an additional week to file the brief or file a statement showing cause why the action should not be recommended for dismissal, and again expressly cautioned Plaintiff that failure to respond to the order to show cause would result in a recommendation of dismissal of the action.  (Doc. 30.)

Plaintiff failed to comply with the Court's order to either explain the delay in filing or file her opening brief.  The Court has attempted to engage Plaintiff in the litigation that she initiated, but Plaintiff has been unresponsive.  Due to Plaintiff's unwillingness to comply with the Court's orders and participate in the litigation by filing an opening brief, an alternative, less dramatic sanction would be ineffective and is not warranted.  *See Stewart v. City of Porterville*, No. 1:10-cv-00199 LJO SKO, Docket No. 22 (E.D. Cal. Sept. 6, 2011) ("Plaintiff has unduly delayed in prosecuting this case, unfairly clogging this Court's overburdened case load and creating prejudice to defendants.  No lesser sanction is warranted because no prior effort has spurred plaintiff into action.").  As Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable alternative.  Under the circumstances present in this case, there is no alternative to dismissal.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the complaint be DISMISSED with prejudice pursuant to Local Rule 110, for Plaintiff's failure to timely file an opening brief as ordered by the Court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 15, 2013**                              **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE